## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 15 2016, 8:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Valerie K. Boots
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Charles Sharpe, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 15, 2016 <br><br> Court of Appeals Case No. 49A02-1601-CR-52 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Kurt Eisgruber, Judge <br><br> Trial Court Cause No. 49G01-1408-FA-39382 |

**Vaidik, Chief Judge.**

# Case Summary

Charles Sharpe was convicted of Class A felony attempted robbery for shooting a man that he met to buy a cell phone that had been posted on Craigslist. He now appeals, arguing that there was a fatal variance between the allegations in the charging information and the proof at trial. Finding no prejudice from any variance, we affirm.

# Facts and Procedural History

In May 2014, Carlos Rodas posted an advertisement on Craigslist to sell an iPhone 5S. Rodas received a text message from Sharpe, who indicated that he was interested in buying the phone. Rodas asked Sharpe to meet him at a neutral location in Indianapolis, but Sharpe said he could not leave his house because he was watching his baby and asked Rodas to meet him near 37th Street and Linwood Avenue. Rodas drove to that location, and Sharpe got in the front passenger seat of Rodas's car. After inspecting the phone, Sharpe said he would buy it. Sharpe told Rodas that he was going to give him extra money for driving to meet him and asked Rodas if he had any change in his wallet. As Rodas reached for his wallet, Sharpe pulled out a gun and pointed it at Rodas. Sharpe told Rodas that he wanted his wallet, phone, and keys. After taking these items, Sharpe opened the car door and started to run away. Rodas followed him. Rodas tried to grab his keys from Sharpe, and both men fell to the ground, where they struggled for the gun. Sharpe pulled the trigger and shot Rodas, but Rodas did not feel the gun shot. Sharpe started to walk away,

but Rodas followed him and reached for the gun. Sharpe shot Rodas a second time, and this time Rodas fell to the ground. As Sharpe ran off, he shot Rodas a third and final time. Sharpe did not take any of Rodas's possessions with him.

[2] Rodas was taken to the hospital where he underwent surgery. Sharpe later gave a statement to the police wherein he admitted that he had a gun and that his plan was to take whatever Rodas had because he needed money. Tr. p. 112.

[3] The State initially charged Sharpe with Count I: Class A felony robbery (serious bodily injury). The State later added Count II: Class A felony attempted robbery (serious bodily injury). The State dismissed Count I, and a bench trial was held on Count II. The trial court found Sharpe guilty on Count II and sentenced him to thirty years, with twenty-two years executed.

[4] Sharpe now appeals.

# Discussion and Decision

[5] Sharpe contends that there was a fatal variance between the allegations in the attempted-robbery charging information and the proof at trial. Because the charging information advises the defendant of the accusations against him, the allegations in the pleading and the evidence used at trial must be consistent with one another. *Blount v. State*, 22 N.E.3d 559, 569 (Ind. 2014). A variance is an essential difference between the two. Not all variances, however, are fatal. *Id.* Relief is required only if the variance: (1) misled the defendant in preparing a

defense, resulting in prejudice, or (2) leaves the defendant vulnerable to future prosecution under the same evidence. *Id.*

[6] Here, the charging information for Class A felony attempted robbery provides:

> Charles Sharpe, on or about May 23, 2014, did attempt to commit the crime of robbery, which is to *knowingly take property, to-wit: a cellular telephone from another person or the presence of another person, to-wit: Carlos Rodas, by using or threat[en]ing the use of force, to-wit: shooting at and against the person of Carlos Rodas*, said act resulting in serious bodily injury to Carlos Rodas, to-wit: multiple gunshot wounds, which conduct constituted a substantial step toward the commission of said crime of Robbery . . . .

Appellant's App. p. 33 (emphasis added). Sharpe argues that the evidence presented at trial did not show that Sharpe attempted to take the phone from Rodas by shooting him; rather, "the evidence consistently showed that the shooting occurred *only* as Sharpe was attempting to get away from the scene." Appellant's Br. p. 10 (emphasis added). Sharpe claims that he was prejudiced because "[i]f counsel had understood before trial that the State planned only to prove the shooting occurred not in the taking of the cell phone, but in effecting Sharpe's escape, counsel could have mounted a different defense." *Id.* at 12.[1]

[7] To the extent there was a variance, Sharpe cannot show prejudice as a result of not being able to prepare a defense that he shot Rodas only while escaping.

---

[1] Sharpe does not argue that he was left vulnerable to future prosecution under the same evidence. *See Blount*, 22 N.E.3d at 569. In any event, we find that Sharpe is protected from future prosecution.

The Indiana Supreme Court addressed a similar issue in *Young v. State*, 725 N.E.2d 78 (Ind. 2000). There, the defendant entered the victim's home under the guise of selling food stamps. The defendant snatched the victim's wallet and ran to his car, which he left running in the alley. The victim pursued the defendant and grabbed on to the windshield. The defendant hit the victim's knuckles with a screwdriver, but the victim continued to hang on as the defendant drove down the alley. Eventually the friction from the pavement wore through the victim's shoes, and he fell off the car. As he sped away, the defendant ran over the victim's leg, fracturing his ankle. The defendant was convicted of Class A felony robbery.

[8] On appeal, the defendant argued that he did not commit Class A felony robbery—but rather only theft—because "the force was used to accomplish his escape, not take the property." *Id.* at 80. Our Supreme Court rejected this argument, reasoning:

> A crime that is continuous in its purpose and objective is deemed to be a single uninterrupted transaction. A robbery is not complete until the defendant asports the property, or takes it from the possession of the victim. Asportation continues as the perpetrators depart from the place where the property was seized. In short, when the robbery and the violence are so closely connected in point of time, place, and continuity of action, they constitute one continuous scheme or transaction.

[9] *Id.* at 81 (quotations and citations omitted). Accordingly, the Court found that because the "snatching of money, exertion of force, and escape were so closely connected in time (to sprint from house to running car parked outside), place

(from door to alley), and continuity (in stealing money, then attempting to escape with it)," "we hold [that] Young's taking of property includes his actions in effecting his escape." *Id.*

[10] The same can be said here, too. That is, the attempt to take Rodas's phone, the shooting, and the escape were so closely connected in time, place, and continuity that Sharpe's attempt to take Rodas's phone included his actions in effecting his escape. Accordingly, even if Sharpe had prepared for and made the defense that he only shot Rodas while escaping (as opposed to while trying to take Rodas's phone), it would not have been successful according to *Young*. Finding no prejudice from any variance between the allegations in the charging information and the proof at trial, we affirm the trial court.

[11] Affirmed.

Baker, J., and Najam, J., concur.